IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01510-RPM

THE ESTATE OF ALBERT AUGUSTINE ROMERO, by and through DEBRA
CHRISTINE ROMERO, Personal Representative, DEBRA CHRISTINE ROMERO
Individually, and DEBRA CHRISTINE ROMERO as Widow of ALBERT AUGUSTINE
ROMERO

        Plaintiff,

vs.

DENVER POLICE OFFICERS EDWARD ASH, ADAM GIGGEY, TRAVIS HERGERT,
STEVEN SLOAN, MARC SMITH, DENNIS THOMPSON, IAN WALLACE, and
LAKEWOOD POLICE AGENT BECK LEIDER, Individually, and Severally, and
DENVER POLICE DEPARTMENT, CITY AND COUNTY OF DENVER, LAKEWOOD
POLICE DEPARTMENT, and CITY OF LAKEWOOD,

        Defendants.

---

## PLAINTIFF'S FIRST AMENDED COMPLAINT

---

COMES NOW Debra Christine Romero, as Personal Representative of the Estate of

Albert Augustine Romero, by and through the undersigned counsel, and for its Complaint in this

matter, shows the Court the following:

### JURISDICTION AND VENUE

1.    This action arises under the United States Constitution and Federal law under 28

U.S.C. §§ 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. §§ 1983, 1985, 1986, and 1988; and 18

U.S.C. §§ 1961-1968. This court has jurisdiction:

    a.    Over Plaintiff's claims relating arising under the United States Constitution and

        federal law pursuant to Title 42 U.S.C. § 1983;

1

    b.  Over Plaintiff's prayer for preliminary and permanent injunctive relief and damages under F.R.C.P. 65(a);

    c.  To award attorney's fees pursuant to Title 42 U.S.C. § 1988.

2.     Venue is proper in the United States District Court for the District of Colorado because this claim arose within this District. Each and all of acts alleged herein were done by the Defendants under the color and pretense of state law, statutes, ordinances, regulations, and customs.

## PARTIES

3.     The estate of Albert Augustine Romero, Case number 07 PR 1773, was filed in the Probate Court of the City and County of Denver. Debra Christine Romero, 6100 W. Yale Street, Denver, Colorado, 80227, was appointed the personal representative.

4.     Defendants Edward Ash, Adam Giggey, Travis Hergert, Steven Sloan, Marc Smith, Dennis Thompson, and Ian Wallace were, at all times material to this Complaint, duly appointed City of Denver police officers acting in their official capacity, within the course and scope of their employment, and acting under color of law.

5.     Defendant City of Denver is a Municipal Corporation, organized under the laws of the State of Colorado. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury and death occasioned thereby. It was also the public employer of Defendants Edward Ash, Adam Giggey, Travis Hergert, Steven Sloan, Marc Smith, Dennis Thompson, and Ian Wallace at all times relevant to this Complaint.

6.      Defendant Buck Leider was, at all times material to this Complaint, a duly appointed City of Lakewood police agent acting in his official capacity, within the course and scope of his employment, and acting under color of law.

7.      Defendant City of Lakewood is a Municipal Corporation, organized under the laws of the State of Colorado. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury and death occasioned thereby. It was also the public employer of Defendant Buck Leider.

8.      Plaintiff sues all public employees in their official and individual capacities.

9.      At all times material to this Complaint, the actions of Defendants Edward Ash, Adam Giggey, Travis Hergert, Steven Sloan, Marc Smith, Dennis Thompson, and Ian Wallace toward Albert Romero were under color of the statutes, ordinances, customs, and usage of the State of Colorado, City of Denver, and the Denver Police Department.

10.     At all times material to this Complaint, the actions of Defendant Beck Leider toward Albert Romero were under color of the statutes, ordinances, customs, and usage of the State of Colorado, City of Lakewood, and the Lakewood Police Department.

## SUMMARY OF FACTS

11.     On or about 3:00 AM on July 16, 2007, members of both the Denver Police Department and Lakewood Police Department responded to reports of a "disturbance" in the area of 6100 W. Yale Avenue in Denver, Colorado. The content of phone calls indicated that a male was breaking lights and yelling "Oh, Jesus." No indication was ever made that the male, who would later be determined to be Albert Romero, was being physically aggressive or even posing a threat to any person.

3

12.     Upon arrival to the scene, police officers with the Denver and Lakewood Police Departments discovered that Mr. Romero, a forty-seven year old man, was distressed, covered in blood, and running around. Because he wore nothing but a pair of boxer shorts, police officers were aware that Mr. Romero was not armed with any weapons. No ambulance was called to the location to provide medical care for Mr. Romero.  The law enforcement personnel who arrived included Denver Police Department Officers Edward Ash, badge number 06059, Adam Giggey, badge number 06018, Travis Hergert, badge number 07010, Steven Sloan, badge number 06129, Marc Smith, badge number 01040, Dennis Thompson, badge number 06008, Ian Wallace, badge number 06080, and Lakewood Police Department Agent Beck Leider.

13.     Defendant Hergert was the first to arrive and though he was alone with Mr. Romero, the decedent exhibited no physically threatening behavior and simply repeated the words "Jesus Christ" and stared into the distance. Once Defendant Giggey arrived, Mr. Romero walked away from the officers.

14.     When Defendant Ash arrived on scene, Mr. Romero walked up to his patrol car. Though Mr. Romero posed no immediate threat nor had even yet touched an officer, Defendant Smith used his Taser on Mr. Romero's torso. At no point either before or after the use of the Taser or his subsequent beating at the hands of the Defendants did Mr. Romero ever initiate any physical contact with any officer. The use of a Taser was done without seeking a less severe and violent method of calming Mr. Romero, such as using the at least eight police officers who were then surrounding Mr. Romero to restrain him with impact weapons or unarmed combat, both of which were methods later used effectively on Mr. Romero, or using the police dog which accompanied Defendant Leider.  Because he would not remain on the ground and though he still

4

posed no threat to any of the eight police officers who surrounded him, Mr. Romero was tased at least three additional times.

15.     Defendant Wallace thereafter individually took Mr. Romero to the ground. Subsequently, at least eight police officers then beat Mr. Romero with impact weapons, arms, and legs before holding Mr. Romero to the ground and handcuffing him.

16.     After handcuffing Mr. Romero, the officers discovered that Mr. Romero had stopped breathing. An ambulance was finally called to the scene and Mr. Romero was pronounced dead.

17.     Despite admissions from Taser Internation, Inc., the manufacturer of Tasers, in its training bulletin that repeated blasts of a Taser can "impair breathing and respiration", Defendant Smith tased Mr. Romero at least four times. No other Defendant police officer on site attempted to stop Defendant Smith from repeated use of the Taser.

18.     During an autopsy of Mr. Romero, it was also discovered that he had sustained eight broken ribs, four puncture wounds in his back and bottom, and multiple scratches and bruises on his face, arms, shoulders, stomach, knees, ankles, back, hands, fingers and left foot. In addition, his lower lip was split and his tongue was cut.

19.     Mr. Romero was tased by Defendant Smith at least four times and then beaten by the Defendants, unreasonable force which killed Mr. Romero at the scene.  Defendant Smith and the seven other police officers on site failed use lesser degrees of force and used excessive force, under the circumstances, which resulted in a denial of life to Mr. Romero, now deceased.   These acts were intentionally, knowingly, recklessly, willfully, wantonly, maliciously done by the Defendants and represented the official custom, practice or the policy of the City and County of

Denver and the City of Lakewood through the officers of its Police Departments, acting under color of law.

20.     Defendants Edward Ash, Adam Giggey, Travis Hergert, Steven Sloan, Marc Smith, Dennis Thompson, Ian Wallace, and Beck Leider all used excessive force, under the circumstances, which violated clearly established law of which a reasonable person would have known and this force resulted in death to Mr. Romero.  These acts were intentionally, knowingly, recklessly, willfully, wantonly, maliciously done by the Defendants and represented the official custom, practice or the policy of the City and County of Denver and the City of Lakewood, through the officers of its Police Departments, acting under color of law.

**FIRST CLAIM FOR RELIEF**
(*Monell* **Claim Against City and County of Denver and City of Lakewood**)

21.     Plaintiff incorporates by this reference the allegations set forth in all preceding paragraphs, as if those allegations were set forth fully herein.

22.     The deprivation of constitutional rights, as above alleged, occurred as a result of, during, or as a consequence of the execution of the policies, customs, or usages of the City and County of Denver and City of Lakewood, representing a deliberate or conscious choice by the defendant municipalities adopted or maintained in deliberate indifference to the rights and interests of its citizens, including deliberate indifference to citizens' health, and/or safety, and which ratify unlawful acts and omissions by its officers.

23.     These policies, customs, or usages of the defendant City and County of Denver and City of Lakewood deprived the decedent of his rights, security, and liberties guaranteed to him by the Constitution of the United States, made actionable pursuant to 42 U.S.C. § 1983 and

*Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 E. Ed.2d 611 (1978) as elsewhere enumerated in this Complaint.

24. The policies, customs and usages of the City and County of Denver and City of Lakewood constituted deliberate indifference and deprived Mr. Romero of the following rights and freedoms guaranteed by the Constitution of the United States, and made actionable pursuant to 42 U.S.C. § 1983:

      a.    The right to be secure, in his person and house, against unreasonable seizure, as guaranteed by the Fourth Amendment;

      b.    The right not to be deprived of his liberty without due process of law; as guaranteed by the Fifth Amendment; and

      c.    The right not to have cruel and unusual punishment inflicted, as guaranteed by the Eighth Amendment.

25. As a direct and proximate result of the above deliberate indifference and violations of constitutional rights, the plaintiff has suffered actual physical and emotional injuries in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, and compensatory damages in the amount of sufficient to compensate for losses described in this Complaint, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney fees, both pre-judgment and postjudgment interest, and such other relief deemed to be just and equitable.

## SECOND CLAIM FOR RELIEF
**(Against Defendants Edward Ash, Adam Giggey, Travis Hergert, Steven Sloan, Marc Smith, Dennis Thompson, Ian Wallace, and Beck Leider Pursuant to 42 U.S.C. § 1983)**

26.     Plaintiff incorporates by this reference the allegations set forth in all preceding paragraphs, as if those allegations were set forth fully herein.

27.     The defendant police officers used excessive force which resulted in ultimate death to Albert Romero.

The acts and omissions of the officers constituted deliberate indifference and deprived decedent of the following rights and freedoms guaranteed by the Constitution of the United States, and made actionable pursuant to 42 U.S.C. § 1983:

    a.     The right to be secure in his person, and house against unreasonable seizure, as guaranteed by the Fourth Amendment;

    b.     The right not to be deprived of his liberty without due process of law, as guaranteed by the Fifth Amendment, and

    c.     The right not to have cruel and unusual punishment inflicted, including death, as guaranteed by the Eighth Amendment.

28.     As a direct and proximate result of the above deliberate indifference and violations of constitutional rights, together with the objectively unreasonable use of force, Plaintiff has suffered damages and injuries, including grief, loss of companionship and solace, impairment of the quality of life, and loss of future income, in an amount to be proven at trial.

29.     As a result of the above and foregoing, plaintiff seeks an award of compensatory, and special damages, attorney's fees pursuant to 42 U.S.C. § 1988, costs, expert witness fees, and legal interest from the date of the officer's actions and omissions.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, and compensatory damages in the amount of sufficient to compensate for losses described in this Complaint, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney's fees, both pre-judgment and postjudgment interest, and such other relief deemed to be just and equitable.

### THIRD CLAIM FOR RELIEF
### (Violations of 42 U.S.C. § 1983: Excessive Force During Search and Seizure)

30.     Plaintiff incorporates by this reference the allegations set forth in all preceding paragraphs, as if those allegations were set forth fully herein.

31.     The Fourth Amendment of the United States Constitution protects individuals against unreasonable searches and seizures.

32.     Defendants Edward Ash, Adam Giggey, Travis Hergert, Steven Sloan, Marc Smith, Dennis Thompson, Ian Wallace, and Beck Leider seized the decedent for Fourth Amendment purposes when they ordered Mr. Romero to the ground and began tasing him. During this seizure, unreasonable force which violated clearly established law of which a reasonable person would have known was used when Defendants Edward Ash, Adam Giggey, Travis Hergert, Steven Sloan, Marc Smith, Dennis Thompson, Ian Wallace, and Beck Leider tased, severely beat, and eventually killed Mr. Romero, an unarmed, distressed forty-seven year old who posed no physical threat to any person.

WHEREFORE, Plaintiff demands judgment for the unreasonable force applied against him when being seized and search against all the Defendants jointly and severally, for actual, general, special, and compensatory damages in the amount of sufficient to compensate for losses

described in this Complaint, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney's fees, both pre-judgment and postjudgment interest, and such other relief deemed to be just and equitable.

## FOURTH CLAIM FOR RELIEF
### (Constitutional Violation of Failure to Properly Train and Supervise)

33.     Plaintiff incorporates by this reference the allegations set forth in all preceding paragraphs, as if those allegations were set forth fully herein.

34.     The Chiefs of Police of the City and County of Denver and the City of Lakewood is a policy maker for the Police Departments and, in that capacity, establish policies, procedures, customs, and/or practices for its police officers.

35.     The John Doe officers, under the oversight of the Chief of Police, are responsible for the training and supervision of officers of the Denver Police Department and Lakewood Police Departments, including but not limited to Defendants Edward Ash, Adam Giggey, Travis Hergert, Steven Sloan, Marc Smith, Dennis Thompson, Ian Wallace, and Beck Leider.

36.     The policies, procedures, customs and/or practices established by the Chief of Police and imparted by the John Doe supervising officers are implemented by officers of the Denver Police Department and Lakewood Police Department.

37.     The Chief of Police of the City and County of Denver and City of Lakewood developed and maintained policies, procedures, customs, and practices exhibiting a deliberate indifference to the constitutional rights of persons in the City and County of Denver and City of Lakewood, which caused the violation of the Mr. Romero's constitutional rights, as set forth above.

38.     The John Doe supervising officers failed to adequately train and supervise officers of the Denver Police Department and Lakewood Police Department with respect to the use of force, which failure caused the violation of Mr. Romero's constitutional rights as set forth above.

39.     Defendants and the City and County of Denver and City of Lakewood were aware of the lack of training given to officers in the Denver Police Department and Lakewood Police Department in detailing with members of the public, to be free from constitutional violations committed as described in this Complaint.

40.     If any training was given to police officers regarding civil rights of members of the public to be free from constitutional violations, the Defendants knew that such training was reckless or grossly negligent and that further misconduct in that area was almost inevitable.

41.     The infliction of injuries and deprivation of constitutional rights to the Plaintiff occurred as a result of or as a consequence of the execution of the policies, procedures, customs, or usages of the Defendant Cities, policies representing a deliberate or conscious choice by the Defendant Cities, adopted or maintained in deliberate indifference to the rights and interests of its citizens, and which ratify unlawful acts by its officers, including but not limited to the following policies, customs or usages concerning the use of excessive force:

    a.   A policy of providing inadequate training in the use of excessive force through the failure to require constitutionally adequate training;

    b.   A policy of non-prosecution and a tacit authorization of the use of excessive force by its officers involved in incidents of excessive force leading to great bodily injury or death;

    c.  A policy, custom or usage of failure to discipline, sanction, or discharge officers involved in unjustified police brutality, including the failure to terminate or even sanction or reprimand police officers resulting in the practical and legal effect of ratification by the Defendant City, endorsing the irresponsible use of force as part of a tacit City policy of condoning such irresponsibility;

    d.  A policy of condoning and permitting the exercise of excessive force by police officers, regardless of the circumstances;

    e.  A "cover-up" policy following police beatings and killings; and

    f.  A failure to follow up and discipline officers who have been found responsible in excessive force situations.

42.    Defendants had a statutorily imposed duty to protect the constitutional rights of the members of the public, including the decedent, from violations of those rights by members of the Police Departments.  By failing to properly train such officers, including Defendants Edward Ash, Adam Giggey, Travis Hergert, Steven Sloan, Marc Smith, Dennis Thompson, Ian Wallace, and Beck Leider and any other John Doe Defendants, these Defendants violated the Mr. Romero's constitutional rights.

43.    The direct result of Defendants' failure to train was the violation of Mr. Romero's rights, as previously described herein, resulting in Plaintiff's pain and suffering.

WHEREFORE, Plaintiff demands judgment for the failure to train and supervise against the City and County of Denver and City of Lakewood for actual, general, special, and compensatory damages in the amount of sufficient to compensate for losses described in this Complaint, and further demands judgment against each of said Defendants, jointly and severally,

for punitive damages, plus the costs of this action, including attorney's fees, both prejudgment and post judgment interest, and such other relief deemed to be just and equitable.

## FIFTH CLAIM FOR RELIEF
### (Violations of 42 U.S.C. § 1983 Conspiracy)

44.     Plaintiff incorporates by this reference the allegations set forth in all preceding paragraphs, as if those allegations were set forth fully herein.

45.     As a result of their concerted unlawful and malicious conspiracy of Defendants Edward Ash, Adam Giggey, Travis Hergert, Steven Sloan, Marc Smith, Dennis Thompson, Ian Wallace, and Beck Leider, Mr. Romero was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983 and 1985.

WHEREFORE, Plaintiff demands judgment for the conspiracy against all the Defendants jointly and severally, for actual, general, special, and compensatory damages in the amount of sufficient to compensate for losses described in this Complaint, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney fees and costs, both prejudgment and post judgment interest, and such other relief deemed to be just and equitable.

## SIXTH CLAIM FOR RELIEF
### (Violations of 42 U.S.C. § 1983 Refusing or Neglecting to Prevent)

46.     Plaintiff incorporates by this reference the allegations set forth in all preceding paragraphs, as if those allegations were set forth fully herein.

47.     At all times relevant to this Complaint, Defendants Edward Ash, Adam Giggey, Travis Hergert, Steven Sloan, Marc Smith, Dennis Thompson, Ian Wallace, and Beck Leider, as police officers of the Denver Police Department and Lakewood Police Department, were acting, respectively, under the direction and control of Defendant City and County of Denver and City of Lakewood.

48.     Acting under color of law and pursuant to official policy or custom, the City of Denver and City of Lakewood knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant police officers in their duties to refrain from:

    a.   unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

    b.   unlawfully and maliciously arresting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

    c.   conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of Colorado; and

    d.   otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

49.     Defendants Edward Ash, Adam Giggey, Travis Hergert, Steven Sloan, Marc Smith, Dennis Thompson, Ian Wallace, and Beck Leider and the City and County of Denver and City of Lakewood had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the

wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants Edward Ash, Adam Giggey, Travis Hergert, Steven Sloan, Marc Smith, Dennis Thompson, Eion Wallace, and Beck Leider, and the City and County of Denver and City of Lakewood had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

50.     Defendants Edward Ash, Adam Giggey, Travis Hergert, Steven Sloan, Marc Smith, Dennis Thompson, Ian Wallace, and Beck Leider, and the City and County of Denver and City of Lakewood directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

51.     As a direct and proximate cause of the negligent and intentional acts of Defendants Edward Ash, Adam Giggey, Travis Hergert, Steven Sloan, Marc Smith, Dennis Thompson, Ian Wallace, and Beck Leider, and the City and County of Denver and City of Lakewood as set forth in paragraphs above, Mr. Romero suffered death in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, and compensatory damages in the amount of sufficient to compensate for losses described in this Complaint, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney fees and costs, both prejudgment and post judgment interest, and such other relief deemed to be just and equitable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief as follows:

1)      Award compensatory and punitive damages in an amount to be determined at

trial, but not less than $5,000,000.00;

2)      Interest, both pre-judgment and post-judgment, as allowed by law;

3)      Award attorney fees and costs pursuant to 18 U.S.C. § 1988.

4)      Grant such other relief as the interests of justice require.

## PLAINTIFF DEMANDS TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.

Dated this 12th day of January, 2009.

Respectfully submitted,
**LAW OFFICES OF DOUGLAS L. ROMERO, LLC**
**COLORADO CHRISTIAN DEFENSE COUNSEL**

By: /s/ Douglas L. Romero
The Law Offices of Douglas Romero, LLC
Colorado Christian Defense Counsel
200 S. Sheridan Blvd., Suite 150
Denver, CO 80226
Telephone: 303-934-7500
Fax: 303-934-0300
E-mail: doug@coloradochristiandefensecounsel.com
Attorney for Plaintiff

By: /s/ Timothy D. Edstrom
The Law Offices of Douglas Romero, LLC
Colorado Christian Defense Counsel
200 S. Sheridan Blvd., Suite 150
Denver, CO 80226
Telephone: 303-934-7500
Fax: 303-934-0300
E-mail: tim@coloradochristiandefensecounsel.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on this 12th day of January, 2009, I electronically filed the foregoing

**COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to the following e-mail addresses:


Suzanne A. Fasing, Esq.
Denver City Attorney's Office
Litigation Section
201 West Colfax Avenue, Dept. 1108
Denver, CO 80202-5332

Thomas J. Lyons, Esq.
HALL & EVANS, LLC
1125 17TH Street, Suite 600
Denver, CO  80202

David J. Bruno, Esq.
BRUNO COLIN JEWELL & LOWE, P.C.
1560 Broadway, Suite 1099
Denver, CO  80202
Telephone:  (303) 831-1099
Facsimile: (303) 831-1088